UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN EUROPEAN ) <br> INSURANCE GROUP, INC. ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NEI GENERAL CONTRACTING, INC., ) <br> WENDY'S DRYWALL, INC., and ) <br> JOSHUA MENCHION, ) <br> ) <br>     Defendants. ) | Civil Action No.: |

## COMPLAINT FOR EQUITABLE AND DECLARATORY RELIEF

The Plaintiff, American European Insurance Group, Inc., by and through legal counsel, bring this complaint for equitable and declaratory relief pursuant to the provisions of Rule 57 of the Federal Rules of Civil Procedure. The Plaintiff seeks a declaration that its policy of insurance does not afford coverage for the claims asserted against Defendant, NEI Contracting, Inc.

## THE PARTIES

1. The Plaintiff, American European Insurance Group, Inc. ("AEIG"), is a duly organized corporation engaged in the business of insurance with a principal place of business at 2250 Chapel Avenue, West Cherry Hill, New Jersey 08002.

2. The Defendant, NEI General Contracting, Inc. ("NEI"), is a duly organized corporation with a principal place of business at 27 Pacella Park Drive, Randolph, Massachusetts 02368.

1

3. The Defendant, Wendy's Drywall, Inc. ("Wendy's Drywall"), was a duly organized corporation, dissolved as of June 28, 2019, with a principal place of business at 219 River Street, Haverhill, Massachusetts 01832.

4. The Defendant, Joshua Menchion ("Mr. Menchion"), is an individual who, upon information and belief, resides at 22 Allison Street, Concord, County of Merrimack, State of New Hampshire.

## JURISDICTION

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

7. Plaintiff, AEIG, issued a commercial general liability insurance policy, policy number SKP 2000462 13, effective dates July 27, 2015 through July 27, 2016 (the "CGL Policy"), to Wendy's Drywall as named insured.

8. A true, accurate, and complete copy of AEIG Policy No. SKP 2000462 13, is attached as Exhibit A.

9. Plaintiff, AEIG, issued a commercial liability umbrella coverage insurance policy, policy number CUP 2001168 11, effective dates July 27, 2015 through July 27, 2016 (the "CUP"), to Wendy's Drywall as named insured.

10. A true, accurate, and complete copy of AEIG Policy No. CUP 2001168 11, is attached as Exhibit B.

11. The CGL Policy was amended effective March 29, 2016 to add endorsement form CG2010 (4/13) and CG 2033 (4/13) for Additional Insureds and named NEI as an additional insured.

12. The CUP contains a provision stating, in part, "[a]ny additional insured under any policy of 'underlying insurance' will automatically be an insured under this insurance;" however, "[a]dditional insured coverage provided by this insurance will not be broader than coverage provided by the 'underlying insurance.'"

13. NEI was the general contractor hired to perform construction, rehabilitation, demolition, and environmental work at a property located at 4 Lyndhurst Street, Boston, County of Suffolk, Commonwealth of Massachusetts (the "Property").

14. Mr. Menchion was working at the Property as an employee of Hannah Environmental Energy, Inc. ("Hannah"), a subcontractor of NEI, to perform demolition, salvage/recovery, and environmental work.

15. The named insured under the CGL Policy and CUP, Wendy's Drywall, was hired as a subcontractor for the project at the Property.

16. On or about June 23, 2016, Mr. Menchion was operating a circular saw when he allegedly slipped on a muddy surface within the Property that caused him to fall and sustain serious bodily injury.

17. As a result, Mr. Menchion commenced an action in Norfolk Superior Court in the Commonwealth of Massachusetts captioned, *Joshua Menchion v. NEI General Contracting, Inc.*, civil action number 19 0532 (hereinafter, the "Underlying Litigation").

18. Mr. Menchion alleges that NEI "was negligent in its failure to inspect the property, to supervise its agent(s), servant(s) and/or employee(s), and/or otherwise insure its lawful performance of the following duties and others that discovery and trial will reveal, which it incurred as a general contractor: to provide a reasonably safe workplace for workers engaged in construction, rehabilitation and/or demolition work on the subject property; and to adhere to the

provisions of federal, state, and local laws and regulations," and therefore, "[a]s a direct and proximate result of NEI's negligence, [Mr. Menchion] was seriously and permanently injured, suffered great pain of body and mind, was required to expend monies for medical care and attendance, suffered diminished capacity, and was unable to attend to his usual activities for a prolonged period of time."

19. On or about December 16, 2019, Berkley Environmental, on behalf of Nautilus Insurance Company, the commercial general liability insurer for Hannah, tendered NEI's defense of the Underlying Litigation to AEIG.

20. On or about January 28, 2020, AEIG sent a coverage disclaimer letter to Wendy's Drywall, NEI, and Mr. Menchion regarding the claims asserted in the Underlying Litigation, in effect, denying the tender.

21. On or about March 26, 2020, NEI filed a crossclaim against Wendy's Drywall.

22. Mr. Menchion alleged that Wendy's Drywall "was negligent in the performance of the aforementioned drywalling work when its agent(s), servant(s) and/or employee(s), created a hazardous condition by allowing unsafe amounts of drywall mud to accumulate and remain on the floor of the Subject Property for an unreasonable amount of time," and therefore, "[a]s a direct and proximate result of Wendy's Drywall's negligence, [Mr. Menchion] was seriously and permanently injured, suffered great pain of body and mind, was required to expend monies for medical care and attendance, suffered diminished capacity, and was unable to attend to his usual activities for a prolonged period of time."

23. On or about April 13, 2020, counsel for NEI sent a formal demand letter for AEIG to defend and indemnify NEI in connection with the Underlying Litigation.

24. The letter noted that "it is NEI's position that any liability for damages alleged by the Plaintiff are directly attributable to the work performed by Wendy's."

25. NEI noted that it entered into a subcontract with Wendy's Drywall "obligating Wendy's to perform certain miscellaneous drywall work at the Project."

26. NEI claimed that the "Subcontract contains provisions related to Wendy's indemnity and insurance obligations to NEI."

27. In denying the tender of defense, AEIG relied upon specific provisions and exclusions of the CGL Policy and CUP.

28. The Endorsement containing the so-called "Employer's Liability Exclusion" excludes coverage under the CGL Policy for:

"Bodily injury" to any "employee" of any insured arising out of or in the course of:
    a) Employment by any insured; or
    b) Performing duties related to the conduct of any insured's business;

(2) "Bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor or "employee" of such contractor for which any insured may become liable in any capacity;" or

(3) Any obligation of insured to indemnify or contribute with another because of damages arising out of such "bodily injury;" or

…

29. And excludes coverage under the CUP for:

I. "bodily injury" to any "employee" of any insured arising out of or in the course of:

    a.) Employment by any insured; or

    b.) Performing duties related to the conduct of any insured's business;

5

> II. "bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor or "employee" of such contractor for which any insured may become liable in any capacity; or
>
> III. Any obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury"; or
>
> …

30. Additionally, both the CGL Policy and CUP state:

    > **7. Separation Of Insureds (8. Separation Of Insureds, in CUP)**
    > Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
    >
    > **a.** As if each Named Insured were the only Named Insured; and
    >
    > **b.** Separately to each insured against whom claim is made or "suit" is brought.

…

## COUNT I – DECLARATORY RELIEF

31. The Plaintiff, AEIG, repeats, restates, and incorporates by reference the allegations contained in paragraphs 1-30 of this Complaint as if fully set forth herein.

32. AEIG issued the CGL Policy and CUP to Wendy's Drywall, which were thereby amended to named NEI as an additional insured.

33. The separation of insureds clause operates as if "each Named Insured were the only Named Insured" and "[s]eparately to each insured against whom claim is made or 'suit' is brought."

34. The separation of insureds provision does not operate to limit application of an exclusion whose very purpose is to prevent one insured (or its employee) from suing another insured (or its employee).

35. The CGL Policy and CUP exclude coverage in situations in which an employee, contractor's, subcontractor's employees or workers of any insured brings suit for personal injury during the course of his or her employment.

36. Coverage is precluded where a contractor's subcontractor's employee brings suit for personal injury during the course of his or her employment.

37. WHEREFORE, AEIG respectfully requests that this Court declare that coverage is precluded because the loss arises from the injury of Mr. Menchion, an employee of the named insured contractor's subcontractor, Hannah, and general contractor NEI, and that AEIG does not have a duty to defend and/or indemnify NEI under the CGL Policy and/or CUP, as such, together with attorneys' fees and costs, and such other relief as the Court deems just and proper.

Respectfully submitted,

The Defendant,
AMERICAN EUROPEAN
INSURANCE GROUP,
By its Attorney,

/s/ John A. Donovan, III
_____

John A. Donovan, III, BBO#631110
Sloane and Walsh, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA 02108
617-523-6010
jdonovan@sloanewalsh.com

Dated: March 9, 2021